**MEMORANDUM ENDORSEMENT**

<u>Global Network Communications, Inc. v. City of New York et al.</u>, 03 Civ. 7934 (LLS)

On plaintiff Global Network Communications, Inc.'s motion pursuant to S.D.N.Y. Local Civ. R. 6.3 and Fed. R. Civ. P. 59(e) for reconsideration of the Court's Opinion and Order of August 30, 2007 granting defendant City of New York's motion for summary judgment and dismissing Global's claims, the Court adheres to that Opinion and Order.

To the extent Global's motion seeks alteration of that judgment on the grounds on which it was submitted to the Court, and on which it was opposed, the Court's determination is unchanged, for the reasons set forth in the Opinion.

To the extent the motion seeks leave to serve a supplemental complaint setting forth the new claim that the defendants are preventing Global from exiting and Mr. Hanft from entering the market, it is denied. Although that claim was mentioned in conferences before briefing of the summary judgment motion was complete, and in a letter to the Court thereafter in which Global's counsel sought a pre-motion conference for leave to assert it in an amended pleading, (see Garland Ltr. August 24, 2007 at 3), it has never been presented in a proposed pleading, and its facts may not be ripe. It would require discovery into new facts, exploration of new legal issues (which perhaps should be referred to the Federal Communications Commission) and the litigation of a complex separate claim which did not even exist when the issues raised in the summary judgment motion were being prepared, presented, decided, appealed, remanded, resubmitted and at last decided in the form of the summary judgment motion. Proper administration calls for entry of judgment on those issues, so they can be finally laid to rest. That would be frustrated by accepting new claims which would require further litigation in this case.

The proper course is for the new claim to be litigated separately. Indeed, Global's lawyer has already "been informed that Mr. Hanft and his company will commence their own action in light of the imposition of this barrier to their entry, if they do not join Global." (Garland Ltr. at 3.)

In <u>Otis Clapp & Son, Inc. v. Filmore Vitamin Co.</u>, 754 F.2d 738 (7th Cir. 1985), the district court denied plaintiff's motions to supplement its complaint "because their grant would of necessity require new and lengthy discovery and thus would prolong the litigation" and the question "would be more appropriately resolved in a supplemental proceeding." <u>Id.</u> at 741. The Seventh Circuit affirmed: "because supplementation would raise new issues, would of necessity require new and further discovery, and postpone the impending trial, we hold that the court did not abuse its discretion." <u>Id.</u> at 743.

For these reasons, the motion for reconsideration is denied.

Dated: November 8, 2007
      New York, NY

                                        */s/ Louis L. Stanton*
                                        LOUIS L. STANTON
                                        U.S.D.J.